UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANK H. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:13-CV-687 PS |
| vs. ) | |
| ) | |
| CHARLES WHELAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Frank H. Price, a *pro se* prisoner, is suing four defendants because he was placed in solitary confinement for a little over ten minutes after he refused to talk to internal affairs investigators at the Indiana State Prison on January 27, 2010. He is also suing because after he spoke to internal affairs, he received threats from other inmates. When he reported those threats, he was moved and to date he has not been attacked.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Much of this case is barred by the statute of limitations. But even if Price had brought this case sooner, it would still have been dismissed because it does not state a claim. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under

42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Here, most of the alleged events occurred in January 2010. All of those claims expired in January 2012 – more than a year ago. However, none of the events he described give rise to a cause of action.

Price alleges that he was denied his right to remain silent because he was placed in solitary confinement when he refused to talk to internal affairs officers who were investigating a murder at the prison. The right to remain silent arises from the Fifth Amendment which precludes a person from being "compelled in any criminal case to be a witness against himself." Nothing about the events described indicate that Price was forced to be a witness against himself in a criminal trial. Therefore he does not state a Fifth Amendment claim because "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003). Moreover, nothing about placing him in solitary confinement dressed only in his shorts and without any property for a little more than ten minutes constitutes a violation of the Eighth Amendment. The Eighth Amendment is not violated unless a prisoner is denied the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of a constitutional violation. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). Additionally, convicted prisoners are not entitled to receive due process before being placed in segregation because "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

Price alleges that after he spoke to internal affairs, he wrote to the superintendent and told him that his life was in danger. ECF 1 at ¶57. Though Price does not say so directly, it is reasonable to infer that he was transferred to a different prison without incident because he makes no allegations about having been attacked and his next paragraph says, "September 12, 2012, I was sent back to the Indiana State Prison where I began to receive threats from gang members." ECF 1 at ¶58. Price alleges that after reporting these threats, officials worked to have him transferred out of the Indiana State Prison. Given that he filed this lawsuit from the Wabash Valley Correctional Facility, it is clear that they succeeded. Though Price alleges that he has suffered psychological damage, humiliation, and mental anguish, 42 U.S.C. § 1997e(e) precludes claims by prisoners for mental or emotional injury "without a prior showing of physical injury." That is to say, the fear of an attack that doesn't occur does not state a claim. *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: July 12, 2013

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT